IN THE CIRCUIT COURT
ASSOCIATE DIVISION
ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| SHERRY YOUNG ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. 11SL-AC 47234 |
| v. ) | |
| ) | Division |
| CREDIT PROTECTION ASSOCIATION, L.P. ) | |
| d/b/a "CPA" ) | |
| ) | |
| Defendant. ) | |
| ) | |
| Serve Defendant at: ) | |
| President, Nathan A. Levine ) | |
| 13355 Noel Road ) | |
| Dallas, TX 75240 ) | |

## PETITION

COMES NOW, Plaintiff, Sherry Young, and for her Petition states as follows:

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction of the FDCPA claim under 15 USC 1692k(d).

3. Venue is appropriate in this Court because Defendant directed its collection activity to St. Louis County, Missouri and violated the FDCPA in St. Louis County, Missouri.

### PARTIES

4. Plaintiff is a natural person currently residing in St. Louis County, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA and TCPA.

5. The alleged debt at issue in this action arises out of consumer, family, and household transactions between Plaintiff and a cable television provider.

1

6. Defendant Credit Protection Association, L.P. is a foreign corporation with its principal place of business located in Dallas, TX.

7. The principal business purpose of Defendant is the collection of debts in Missouri and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

8. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is a "debt collector" as defined by the FDCPA. *15 USC 1692a (6)*.

## FACTS

9. On or about November 11, 2011, Defendant sent a collection letter to Plaintiff.

10. In the letter, Defendant disclosed that it was a "credit protection association" or a credit bureau and hid or overshadowed the fact that it was a debt collector; Defendant disclosed that it was a debt collector in a tiny font located at very bottom of its letter.

11. The November 11 letter explained that Plaintiff's sole option to avoid destroying her credit was to pay Defendant by 7/16/2011.

12. Defendant threatened that the $124 debt would "prevent you from obtaining credit for as long as seven years" and purported to offer Plaintiff "one last chance to pay the balance of $124.65 before this serious action is taken."

13. Defendant titled its letter, "NOTICE OF REPORT TO CREDIT BUREAUS" in a font that was approximately triple the size of the tiny disclosure that Defendant was merely a debt collector.

14. Defendant had no authority, ability, or intent to report Plaintiff's account with any credit bureau by the date referenced in its letter.

15. In addition, on a date near November 11, 2011, Defendant also sent Plaintiff a brochure with its name and telephone number entitled "How Bad Credit Impacts Your Life."

16. The brochure was either mailed with the November 11, 2011 letter or within several days of that letter.

2

17. The brochure provided a variety of consumer finance advice and advised Plaintiff to "Call CPA today" for additional information.

18. The brochure failed to make any disclosure whatsoever that it was an attempt to collect a debt or that CPA was actually a debt collector and not a credit bureau, credit counselor, or some similar organization.

19. Accordingly, Plaintiff believed Defendant was a credit bureau or a service offering credit protection and was confused as to whether or not Defendant was a bill collector.

20. Defendant, in the letter and brochure, deliberately intended to deceive Plaintiff into believing that Defendant was a quasi-governmental association or a credit bureau with power over Plaintiff's credit report so that Defendant could obtain additional leverage over Plaintiff for the purposes of collecting the debt.

21. Plaintiff never agreed to arbitrate any disputes with Defendant.

22. Defendant's collection activity caused Plaintiff to suffer sleeplessness, anxiety and to become depressed.

## COUNT I: VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

24. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, *15 USC 1692a-j, et. seq.*, including, but not limited to, the following:

   a. Defendant failed to identify itself as a debt collector and falsely characterized itself as a credit bureau or other type of agency. 15 U.S.C. §1692d,e;

   b. Defendant threatened to take action, specifically credit reporting, that it could not legally take and that it did not intend to take. 15 U.S.C. §1692d,e, f;

   c. Defendant engaged in conduct that the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt. 15 U.S.C. § 1692d-f;

3

d.  Defendant used misleading, unfair and unconscionable practices to attempt to collect the debt. 15 U.S.C. §1692d-f.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants and in favor of Plaintiff for:

A.  Judgment that Defendant's conduct violated the FDCPA;

B.  Actual damages;

C.  Attorneys' Fees;

D.  Statutory damages, costs and reasonable attorney's fees pursuant to 15 USC 1692(k); and

E.  For such other relief as the Court may deem just and proper.

EASON & VOYTAS, LLC

*[signature]*

JAMES W. EASON, #57112
RICHARD A. VOYTAS, JR. #52046
Eason & Voytas, LLC
1141 South Seventh Street
St. Louis, Missouri 63104
Phone: (314) 304-9444;(314) 600-3323
Fax:    (314) 667-3161

4